STATE OF NORTH CAROLINA v. LARRY MICHAEL SCARBORO

No. 7826SC402

(Filed 19 September 1978)

**1. Attorneys at Law § 2— representation by foreign attorneys—failure to follow statutory requirements—no prejudice to defendant**

The trial court did not err in permitting defendant's retained attorneys from Alabama to represent defendant at his trial without complying with the

requirements of G.S. 84-4.1 that written motions be filed by the foreign attorneys and that local counsel be associated with the foreign attorneys since (1) defendant waived objection to his foreign attorneys by failing to raise the question of their competency at trial, and (2) the statute was not designed to protect defendant but was intended to subject foreign counsel to the jurisdiction of this State's courts on a continuing basis.

**2. Criminal Law § 46.1— instruction on flight—search for defendant**

There was ample evidence in the record that a sufficient search was timely made for defendant after the commission of the crime charged so as to justify the trial court's instruction on flight.

APPEAL by defendant from *Friday, Judge.* Judgment entered 27 January 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 29 August 1978.

Defendant was indicted for armed robbery and assault with intent to kill inflicting serious bodily injury. He was tried and convicted and sentenced to 20 to 30 years on the first count, and 5 to 10 years on the second count, those terms to run consecutively. In response to a petition by attorneys Hiram Dodd, Jr. and Louis Wilkinson of the Alabama Bar, the trial court made certain findings and permitted the two attorneys to appear on defendant's behalf. At a hearing on defendant's motion to dismiss based on a denial of his right to a speedy trial, attorney Dodd testified that on the basis of conversations and transactions with the Birmingham authorities the defendant had been arrested twice before 1976 and the North Carolina authorities had been aware of this and had not attempted to extradite the defendant. An officer of the Charlotte Police Department testified that he investigated the crime in question in 1969, and that he issued the warrants for the defendant's arrest. He stated that after this he sought defendant at his Charlotte address, at his sister's address, at his mother's address, and at his place of business. In 1971 pursuant to a stop notice from Birmingham, certified copies of the warrants were forwarded to Alabama, but they were returned unserved with a notation that the defendant could not be found. Officer Smith testified that no other notices were received from Birmingham until 1976, and that this notice resulted in defendant's return and trial. The court found that the State exercised reasonable diligence in the search for defendant, that he was not in North Carolina and that there was no willful delay on the part of the State of North Carolina since defendant's absence

was voluntary. For these reasons the judge denied the motion to dismiss on the grounds of a failure to grant a speedy trial. At trial the State presented evidence from Ruth Wardlaw that on the evening of 13 October 1969 as she and Michael Reames were working in the Little General Store, defendant entered the store on three separate occasions between 5:00 p.m. and 9:30 p.m. and on the third visit he pulled a gun, beat the two clerks and robbed the store. George Puckett testified that around 9:30 on the evening in question he saw the defendant behind the counter collecting money from customers and pocketing it. Defendant testified that he left Charlotte on 10 October 1969 for Birmingham, Alabama, where he had resided until 1976. He stated that he did not know the State's witnesses and he did not rob the store or pistol whip Ruth Wardlaw. From his conviction, defendant appeals, assigning error.

*Attorney General Edmisten, by Assistant Attorney General Jo Anne Sanford, for the State.*

*Harris & Bumgardner by Don H. Bumgardner, for the defendant.*

MARTIN (Robert M.), Judge.

[1]   The defendant contends that the trial court erred in permitting his retained counsel from Alabama to appear before the court in his behalf without complying strictly with the provisions of G.S. 84-4.1. We do not agree, and overrule this assignment of error for two reasons. First, the defendant was allowed to have those counsel whom  he wanted to defend him. They were retained by him and allowed to practice in the North Carolina courts on his motion. At no time during the proceedings did he express concern regarding their competency, and we deem any such objection now waived. Secondly, the statute upon which defendant relies to press his claim of error, G.S. 84-4.1, was not designed for his protection, and does not vest in him any rights to counsel other than what he would ordinarily possess in the absence of the statute. It is apparent that this statute was intended to subject foreign counsel to the jurisdiction of this State's courts on a continuing basis. G.S. 84-4.1(5) provides for mandatory association of local counsel so that at all times in a proceeding the court has power to compel, if necessary, foreign counsel to fulfill the duties placed upon them by G.S. 84-4.1 (1-4). Even though the trial judge did not

require written motions of the lawyers from Alabama and the defense counsel did not associate local counsel, as mandated by the statute, the trial court found as a fact that the Alabama counsel were competent at trial and they were allowed to represent defendant without objection. Defendant may not now be heard to complain. Any error resulting from non-compliance with G.S. 84-4.1 on these facts is found to be harmless.

[2]  Defendant also assigns as error the trial judge's instruction on flight, contending that there was not sufficient evidence to support such a charge and the resulting inference in favor of the State. We disagree. There is ample evidence in the record that a sufficient search was timely made for the defendant after the commission of the crime so as to justify the challenged instruction. *See, State v. Lee*, 287 N.C. 536, 215 S.E. 2d 146 (1975); *State v. Lampkins*, 283 N.C. 520, 196 S.E. 2d 697 (1973).

The remaining assignments of error by the defendant are without merit and are overruled. We conclude that on the record the defendant had a fair trial free of prejudicial error.

No error.

Judges VAUGHN and MITCHELL concur.