FRANCES J. JACOBS POPE v. WILLIAM S. JACOBS

No. 8020DC837

(Filed 7 April 1981)

1. **Attorneys at Law § 2– foreign attorney – appearance without meeting statutory requirements – harmless error**

    Plaintiff was not prejudiced by trial court's error in permitting a Michigan attorney to appear for a friend of the court from Michigan in a child custody hearing without complying with requirements of G.S. 84-4.1.

2. **Divorce and Alimony § 23.6– child custody proceeding – refusal to exercise jurisdiction – more convenient forum**

    The district court did not err in declining to exercise its jurisdiction in a child custody proceeding upon concluding that a Michigan court is a more convenient forum as defined in G.S. 50A-7 where Michigan was the home State of the children; Michigan has had a closer connection with the family of the children than North Carolina; a Michigan court has entered no less than 19 separate orders in the matter; and the evidence as to treatment of the children by the children's father who had custody of the children was more readily available in Michigan than in North Carolina.

APPEAL by plaintiff from *Burris, Judge.* Order entered 31 March 1980 in District Court, STANLY County. Heard in the Court of Appeals 12 March 1981.

Pope v. Jacobs

The plaintiff appeals from an order of the District Court of Stanly County. That court declined to exercise its jurisdiction in an action for custody of minors after finding that the Circuit Court of Isabella County, Michigan is a more convenient forum. The parties to this action were married on 20 March 1966 and three children were born to the marriage. A judgment of absolute divorce between the parties was entered on 28 March 1973 by the Circuit Court for the County of Isabella, State of Michigan. The defendant was granted custody of the children by the Isabella County Circuit Court. The plaintiff then resumed her residence in Stanly County, North Carolina, where she had resided at the time of her marriage.

On 20 July 1979, while the children were visiting the plaintiff pursuant to the decree of the Isabella County Circuit Court, the plaintiff brought this action for custody of the children. In her complaint the plaintiff alleged certain abuses to the children by the defendant and prayed that she be granted custody of the children. The defendant filed an answer in which he denied he had abused the children and prayed that the complaint be dismissed. On 19 September 1979, the District Court of Stanly County entered an order in which it exercised temporary jurisdiction and awarded temporary custody of the children to the plaintiff. On 11 December 1979 the Isabella County Circuit Court entered an order giving the Isabella County Department of Social Services physical custody of the children and giving the legal custody of the children to the Isabella County Friend of the Court pending a hearing as to custody of the children. On 12 December 1979, a hearing was held in the District Court of Stanly County. The plaintiff appeared at the hearing and offered evidence. Also appearing were Miss Delores K. VanHorn, Friend of the Court, Isabella County, Mount Pleasant, Michigan, and Thomas J. Plachta, Assistant Prosecuting Attorney for Isabella County. Mr. Plachta represented Miss VanHorn at the hearing. The defendant did not appear.

After the hearing, the court made findings of fact, among which was a finding that the Circuit Court of Isabella County had been involved in the custody of the minor children since 1971 and had entered not less than 19 separate orders in the matter. The District Court of Stanly County concluded that the Circuit Court of Isabella County is a more convenient forum as

defined in G.S. 50A-7 and declined to exercise jurisdiction. The plaintiff appealed.

*Hopkins, Hopkins and Tucker, by William C. Tucker, for plaintiff appellant.*

*Delores K. VanHorn in propia persona for the Isabella County Friend of the Court.*

*No brief for the defendant.*

WEBB, Judge.

[1] The appellant's first assignment of error deals with the court's allowing Thomas J. Plachta, an attorney licensed in the State of Michigan to appear for the Isabella County Friend of the Court. The court did not require Mr. Plachta to comply with G.S. 84-4.1 which governs the appearance by out-of-state attorneys in the courts of this state. The appellant, while conceding that it is in the court's discretion as to allowing an out-of-state attorney to participate in a trial in this state, argues that the court has no discretion if there is not a compliance with G.S. 84-4.1. Although there was not a compliance with the statutory requirements in allowing Mr. Plachta to represent the Isabella County Friend of the Court the appellant has not demonstrated any prejudice to her by this error. This assignment of error is overruled.

[2] The appellant's second assignment of error deals with the court's declining to exercise jurisdiction. The case sub judice is governed by the Uniform Child Custody Jurisdiction Act, Chapter 50A of the North Carolina General Statutes. Among the act's stated purposes according to G.S. 50A-1 are to "[a]void jurisdictional competition" and to "[p]romote cooperation with the courts of other states." G.S. 50A-3 provides:

(a) A court of this State authorized to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

\* \* \*

(2) It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and the child's parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State sub-

stantial evidence relevant to the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent. . . .

Under the allegations of the complaint and the proof offered at the hearing, the court was authorized to take jurisdiction and award custody under the above-quoted provisions of the statute.

The question posed by this appeal is whether the court committed error by declining to exercise its authority to assume jurisdiction. G.S. 50A-7 provides:

(a) A court which has jurisdiction under this Chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

(b) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.

(c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

(1) If another state is or recently was the child's home state;

(2) If another state has a closer connection with the child and the child's family or with the child and one or more of the contestants;

(3) If substantial evidence relevant to the child's present or future care, protection, training, and personal relationships is more readily available in another state;

(4) If the parties have agreed on another forum which is no less appropriate; and

(5) If the exercise of jurisdiction by a court of this State would contravene any of the purposes stated in G.S. 50A-1.

In determining whether it was in the best interest of the children that the District Court of Stanly County decline to exercise jurisdiction, the court had before it evidence that Michigan is the home state of the children; Michigan has had a closer connection with the family of the children than North Carolina; and the evidence as to the treatment of the children by the children's father who had custody of the children is more readily available in Michigan than in North Carolina. We hold the court did not err in declining to exercise jurisdiction.

Affirmed.

Judges HEDRICK and HILL concur.