IN RE THE JOSEPH CHILDREN

No. COA95-948

(Filed 21 May 1996)

**1. Parent and Child § 115 (NCI4th)— termination of parental rights—service by publication—no specific compliance with statute—respondent not prejudiced**

Even though petitioner's service by publication in a proceeding to terminate parental rights did not specifically comply with N.C.G.S. § 7A-289.27(b) in that it failed to state that the "parents may contact the clerk immediately to request counsel" and that the proceeding is a "new case" for which a new appointment of counsel will be required, such error was not prejudicial to respondent since the notice supplied information that, if seen by respondent, would inform her of the petition filed against her, her need to answer the service of process, the availability of counsel if she was indigent, and the phone number of the Deputy Clerk of Juvenile Court if respondent needed further information.

**Am Jur 2d, Process § 242.**

**2. Attorneys at Law § 17 (NCI4th)— evidence presented by law student—respondent not prejudiced**

Respondent parent failed to show that the presentation of evidence by a law student working with the guardian ad litem program who had not been properly certified to practice law pursuant to the State Bar Rules, instead of by the student's supervising attorney who was present at the hearing, rose to the level of prejudicial error.

**Am Jur 2d, Attorneys at Law § 115.**

**Activities of law clerks as illegal practice of law. 13 ALR3d 1137.**

Appeal by respondent from order entered 27 April 1995 in Durham County District Court by Judge Carolyn D. Johnson. Heard in the Court of Appeals 23 April 1996.

*Assistant County Attorney Wendy C. Sotolongo, for appellee Durham County Department of Social Services.*

*Browne, Flebotte, Wilson & Horn, by Martin J. Horn, for respondent-appellant.*

GREENE, Judge.

Reggie McCuller (respondent) appeals an Order Terminating Parental Rights (TPR) as the mother of two minor children, Kalonji Joseph and Ebony Joseph.

The children are in the custody of the Durham County Department of Social Services (DSS). Steve Moore (Moore) represented the children's interests as Guardian ad Litem since 5 October 1993 until the date of the TPR hearing. On 3 November 1993 the children were adjudicated to be dependant and neglected pursuant to N.C. Gen. Stat. §§ 7A-517(13) and (21) (1995). At the time of respondent's TPR hearing, respondent had not begun a substance abuse program and had not secured adequate housing or stable employment, as required by the adjudication order. Between the adjudication hearing and the TPR hearing respondent made only two of the scheduled visits with her children, the most recent being 5 January 1994.

Moore and Janice Paul (Paul), the attorney for the Guardian ad Litem program, brought a petition to terminate respondent's parental rights. The custody order was not attached to the petition as required by N.C. Gen. Stat. § 7A-289.25(5) (1995), nor were there statements within the petition explaining petitioner's efforts to ascertain the whereabouts of respondent, required by section 7A-289.25(3). The petition did include respondent's last known address and current residence, although no street address was given for her current address.

A summons was issued pursuant to N.C. Gen. Stat. § 7A-289.27 (1995), naming respondent as the "respondent." The summons gives notice that the petition has been filed to terminate parental rights and failure to answer within thirty days will result in parental rights being terminated. The summons also states that:

> Parents are entitled to have counsel appointed by the court if they cannot afford one, provided that they request such counsel at or before the time of the hearing . . . . Parents may contact the Clerk of Superior Court immediately to request counsel. This is a new case and any attorney appointed previously will not represent the parent in this proceeding unless ordered by the court.

Respondent could not be located, however, to obtain service of process by hand or mail, so service of process was obtained by publication pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(j1) (1990). The publication notices, one for each child, ran for three successive weeks in the *Durham Herald Sun* newspaper and stated:

**IN RE JOSEPH CHILDREN**

[122 N.C. App. 468 (1996)]

STATE OF NORTH CAROLINA, COUNTY OF DURHAM, FILE NO. 93J211; IN THE GENERAL COURT OF JUSTICE, DISTRICT COURT DIVISION.

In the matter of: Kalonji Joseph a minor child.

NOTICE OF SERVICE OF PROCESS RE: TERMINATION OF PARENTAL RIGHTS TO: Reggie McCuller, Bernard Anthony Thompson and unknown father,

PLEASE TAKE NOTICE that a petition has been filed by the Durham County Department of Social Services seeking termination of any parental rights that you have to the minors named in the petition. You are required to answer the petition within forty (40) days of the first date of publication (written below) and your failure to do so will result in an order of termination entered against you. The children involved:

Name: Kalonji Attiba Joseph

Date of Birth: [sic] Brooklyn County, NY

County of residence: Durham County, NC

You are entitled to be represented by counsel. If you are indigent, counsel will be appointed for you.

The date, time and place of hearing of the petition will be mailed to you on your filing of an answer if your whereabouts are then known.

You may call the Deputy Clerk of the Juvenile Court of Durham County at (919) 560-6824 for further information.

This the 20th day of February, 1995.

WENDY C. SOTOLONGO
ASSISTANT COUNTY ATTORNEY
P.O. BOX 3508
DURHAM, NC 27702
(919) 560-0717

Paul filed affidavits on 12 April 1995 stating the efforts made to ascertain respondent's whereabouts before serving process by publication.

At the termination hearing, David Swanson (Swanson), a third year law student, presented evidence before the court on behalf of the Guardian ad Litem program. No written consents from the

**IN RE JOSEPH CHILDREN**

[122 N.C. App. 468 (1996)]

Guardian ad Litem program or the supervising attorney, Paul, were filed with the court or made a part of the record in this case, as required by Chapter 1, Subchapter C, § .0206(g) of the North Carolina State Bar Rules, although Paul did supervise Swanson at the hearing.

Based on its findings of fact the trial court concluded it was in the best interests of the minor children that the parental rights of respondent be terminated.

The issues are whether (I) the service of process by publication must comply with both N.C. Gen. Stat. § 1A-1, Rule 4(j1) and N.C. Gen. Stat. § 7A-289.27(b); and (II) a third year law student's participation in the trial requires reversal if that student has not been properly certified to practice law.

I

**[1]** Respondent argues that she was "denied assistance of counsel by petitioner's failure to follow the mandatory guidelines of the statute" which requires the summons to state that the "parents may contact the clerk immediately to request counsel," N.C.G.S. § 7A-289.27(b)(3), and that the TPR hearing is a "new case" for which a new attorney may be necessary to be appointed. N.C.G.S. § 7A-289.27(b)(4). In response, petitioner argues that the requirements of section 7A-289.27(b) only govern the summons to be issued by the court upon the filing of a TPR petition and do not govern service of process by publication.

Service of process by publication is governed by N.C. Gen. Stat. § 1A-1, Rule 4(j1). When the whereabouts of a respondent parent is unknown, "the petitioner in a parental rights termination case must proceed under G.S. 7A-289.27 and must comply with Rule 4(j1) as regards service by publication." *In re Clark*, 76 N.C. App. 83, 86, 332 S.E.2d 196, 199, *appeal dismissed*, 314 N.C. 665, 335 S.E.2d 322 (1985). In other words, compliance with both Rule 4(j1) and section 7A-289.27(b) is required.

In this case, the petitioner's service by publication complied in every respect with Rule 4(j1). It did not specifically comply with section 7A-289.27(b) and this constitutes error. We do not, however, believe the discrepancy is material in this case so as to result in any prejudice to the respondent. *See Highway Comm'n v. Nuckles*, 271 N.C. 1, 22, 155 S.E.2d 772, 789 (1967) (new trial will only be granted for errors which were prejudicial). The notice by publication went beyond the Rule 4(j1) requirements and stated that respondent is

IN RE JOSEPH CHILDREN

[122 N.C. App. 468 (1996)]

"entitled to be represented by counsel" and if she is indigent, "counsel will be appointed for you." It also stated that respondent may "call the Deputy Clerk of the Juvenile Court of Durham County at (919) 560-6824 for further information." The notice, therefore, supplied information that if seen by respondent would inform her of the petition filed against her, her need to answer the service of process, the availability of counsel if she was indigent, as well as the phone number of the Deputy Clerk of Juvenile Court if respondent needed further information. From these facts, respondent was supplied with the necessary information from which she could have been represented at the TPR hearing by counsel. *See In re Nolen*, 117 N.C. App. 693, 696, 453 S.E.2d 220, 222 (1995) (even if respondent shows a statute was violated, respondent must also show any error was prejudicial).

II

**[2]** Respondent also assigns error to a third year law student presenting evidence at the TPR hearing on behalf of the Guardian ad Litem program when the law student had not been properly certified to practice law pursuant to Chapter 1, Subchapter C, § .0206 of the North Carolina State Bar Rules. Respondent argues that because the law student was not properly certified, any evidence presented by him was not properly before the court, and therefore, there is no evidence to support the TPR order.

Section .0206 allows a student to appear in court on behalf of a client if the student has received written consent from both the client and the supervising attorney. Rules and Regulations of the North Carolina State Bar, Subch. C, § .0206(g) (1996). That consent must be "filed with the court and made a part of the record in the case." *Id.* The petitioner concedes that "to the extent that written consents from the Durham Guardian *ad litem* program and its attorney, Janice Paul, were not made a part of the record in this case" there was a violation of the State Bar Rules. Only upon a showing of prejudice by respondent, however, will such a violation mandate a reversal. *Pope v. Jacobs*, 51 N.C. App. 374, 376, 276 S.E.2d 487, 489 (1981) (although attorney from Michigan did not comply with statute governing appearance by out-of-state attorneys, new trial not required where no prejudice shown by plaintiff); *see also Jones v. State*, 902 P.2d 686, 695 (Wyo. 1995) (failure to obtain client's written consent before law student wrote client's appellate brief was a procedural technicality that does not constitute ineffective assistance of counsel); *People v. Perez*, 594 P.2d 1, 7 (Cal. 1979) (where law student was supervised

and represented criminal defendant, court held that every violation of a rule respecting the practice of law does not require reversal of a judgment in the case in which the violation occurred). Respondent has failed to show that the presentation of evidence by a law student, instead of by the student's supervising attorney, who was present at the hearing, rose to prejudicial error and this assignment of error is overruled.

We have reviewed respondent's remaining assignments of error and determined that even where there was error, none of the assignments rise to the level of prejudicial error. *See In re Norris*, 65 N.C. App. 269, 274, 310 S.E.2d 25, 29 (1983) (technical errors will not authorize a new trial unless it appears that the respondent was prejudiced, and the burden is on the respondent to show prejudice), *cert. denied*, 310 N.C. 744, 315 S.E.2d 703 (1984).

Affirmed.

Judges JOHN and MARTIN, Mark D., concur.