ELLIS LESTER SELPH, JR., AND STACY WADE HARRIS v. SCOTT H. POST AND
OBSERVER TRANSPORTATION CO.

No. COA00-56

(Filed 3 July 2001)

### 1. Process and Service— time period for filing summons—calculation of weekends

The trial court erred in a personal injury case arising out of an automobile accident by holding that plaintiffs' claim violated the statute of limitations based on the trial court's miscalculation of the allowable time period for the filing of the summons even though seven calendar days elapsed between the filing of the complaint and issuance of summons, because the seven days included an intervening weekend which means the calculation results in the summons being issued in five days. N.C.G.S. § 1A-1, Rule 6(a).

### 2. Process and Service— finding of improper service—summons

The trial court's additional finding of improper service in a personal injury case is reversed because although an improper summons amounts to improper service of process, the Court of Appeals already held the summons was proper.

### 3. Attorneys— pro hac vice admission—requirements

Although the trial court erred in a personal injury case arising out of an automobile accident by admitting plaintiffs' attorney pro hac vice where the motion failed to supply the trial court with three of the five requirements for pro hac vice representation under N.C.G.S. § 84-4.1, plaintiffs were not prejudiced because they failed to express any concern about the competency of their attorney during the court proceedings.

Appeal by plaintiffs from judgment entered 20 September 1999 by Judge James R. Vosburgh in Durham County Superior Court. Heard in the Court of Appeals 14 February 2001.

*Kirk D. Lyons*, pro hac vice, *Austin, TX, and Norman & Gardner by Larry E. Norman, Louisburg, NC, for plaintiffs-appellants.*

*Yates, McLamb and Weyher by John W. Minier for defendants-appellees.*

THOMAS, Judge.

Plaintiffs Ellis Lester Selph, Jr. and Stacy Wade Harris appeal from a motion to dismiss granted in favor of defendants Scott Post (Post) and Observer Transportation Company (OTC) based on the statute of limitations. Plaintiffs assert two assignments of error.

The facts are as follows: On 31 January 1996, plaintiffs were allegedly injured when their vehicle collided with a truck driven by Post. The truck was owned by OTC. Plaintiffs retained Kirk D. Lyons (Lyons), a Texas attorney, to represent them in a negligence action against defendants.

On Friday, 29 January 1999, plaintiffs, through Lyons, filed a complaint against defendants, with a summons being issued for both defendants on the following Friday, 5 February 1999. Plaintiffs also filed a motion for *pro hac vice* admission of Lyons to represent them, naming Larry Norman (Norman) of Louisburg, North Carolina as associated local counsel. This motion was granted on 29 January 1999. In July 1999, defendants filed a motion to dismiss, based *inter alia* on improper service and a violation of the statute of limitations. In September 1999, plaintiffs filed a motion for enlargement of time. Both motions were heard on 13 September 1999. At the hearing, Lyons was present to represent plaintiffs, but Norman was unavailable. On 20 September 1999, the trial court granted defendants' motion to dismiss based upon the plaintiffs' "fail[ure] to effect proper service of process upon defendants" and plaintiffs' "fail[ure] to commence [the] action within the statutory limitations period[.]"

Plaintiffs appeal from this order.

[1] By plaintiffs' first assignment of error, they argue the trial court erred in holding their claim violated the statute of limitations by miscalculating the allowable time period for the filing of the summons. We agree and reverse the trial court.

A party must commence an action seeking recovery for personal injuries from a motor vehicle accident within three years. N.C. Gen. Stat. § 1-52(16) (2000). An action is commenced by the filing of a complaint or the issuance of a summons. *Roshelli v. Sperry*, 63 N.C. App. 509, 305 S.E.2d 218, *rev. denied* 309 N.C. 633, 308 S.E.2d 716 (1983) (*Roshelli* II). Under N.C. Gen. Stat. § 1A-1, Rule 4(a), the summons must be issued within five days of filing a complaint. When a proper summons is not issued within five days of the filing of a complaint, the action abates. *Roshelli v. Sperry*, 57 N.C. App. 305, 291 S.E.2d 355

(1982) (*Roshelli* I). Under *Roshelli* II, an action for negligence is not barred by the statute of limitations if the complaint is filed within the statute of limitations period, as long as the summons is proper and issued within five days of the file date of the complaint, even if the summons is issued after the three years have passed.

In the instant case, seven calendar days elapsed between the filing of the complaint and issuance of summons. Nothing else appearing, the filing of the summons would not relate back to the date of the filing of the complaint because the summons was not issued within five days. The action would be deemed commenced on 5 February 1999, the date of the summons issuance, which is outside the statute of limitations period. However, here, the seven days included an intervening weekend. Rule 6(a) of the N.C. Rules of Civil Procedure provides in pertinent part:

> In computing *any* period of time *prescribed or allowed by these rules*, by order of court or any applicable statutes respecting publication of notices, the day of the act, event, default or publication after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday. *When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded from the computation.*

N.C. Gen. Stat. § 1A-1, Rule 6(a) (2000). (Emphasis added). Accordingly, the calculation results in the summons being issued in five days because Saturday and Sunday are statutorily excluded.

Defendants, however, argue the language of Rule 4(a) requiring summons to be issued "in any event within five days" negates the application of Rule 6(a) regarding the calculation of time. Rule 6(a) explicitly applies to "any period of time prescribed or allowed by [the Rules of Civil Procedure.]" We thus reject this argument, holding the cut-off date was met precisely, and plaintiffs' action was timely commenced. Therefore, as to plaintiffs' first assignment of error, we agree and reverse the trial court.

[2] Plaintiffs further contend the trial court's additional rationale of improper service of process was erroneously mentioned in the order, stating that in the motion to dismiss hearing, there was no discussion

**SELPH v. POST**

[144 N.C. App. 606 (2001)]

about improper service. In the transcript of the motion to dismiss hearing, the trial judge specifically stated he based the grant of the motion to dismiss on the ruling in the *Roshelli* I case. As aforementioned, that case held an action will abate if the proper summons is not issued within five days of the filing of the complaint. We find an improper summons amounts to improper service of process and was correctly mentioned in the order. However, as we have already held the summons was indeed proper, the finding of improper service is likewise reversed.

**[3]** By plaintiffs' second assignment of error, they argue the trial court erred in admitting plaintiffs' attorney *pro hac vice* with plaintiffs not being properly represented by counsel at the hearing to dismiss. We agree, but find no prejudicial error.

N.C. Gen. Stat. § 84-4.1 delineates the requirements which govern the admission of out-of-state attorneys to practice *pro hac vice*.

Any attorney domiciled in another state, and regularly admitted to practice in the courts of record of that state and in good standing therein, having been retained as attorney for a party to any civil or criminal legal proceeding pending in the General Court of Justice of North Carolina . . . may, on motion, be admitted to practice in that forum for the sole purpose of appearing for a client in the litigation.

(1999). The statute further provides five requirements for *pro hac vice* representation to be granted: 1) the attorney's full name, address, bar number and status; 2) the client's address, along with a statement that the client has retained the attorney for representation; 3) the attorney's statement to represent the client until a final determination is made (unless allowed to withdraw sooner) and to be subject to N.C. orders and disciplinary actions as if the attorney were a member of the N.C. State Bar in good standing; 4) a statement that the state from which the attorney comes grants like privileges to N.C. attorneys in good standing; and 5) a statement that the moving attorney is associated with a local attorney who will accept service, etc. on behalf of the moving attorney. In the instant case, Lyons, in his motion to appear *pro hac vice*, failed to supply the trial court with the second, third and fourth requirements in section 84-4.1. We note Lyons repeated identical mistakes in his motion to appear *pro hac vice* before this Court despite plaintiffs' argument in their brief about the inadequacy of the motion in the trial court. This Court, accord-

SELPH v. POST

[144 N.C. App. 606 (2001)]

ingly, denied without prejudice his motion to appear before us. Lyons later satisfied the requirements of N.C. Gen. Stat. § 84-4.1 regarding the appeal and his motion to appear *pro hac vice* was granted.

Where attorneys neither licensed by the North Carolina State Bar nor authorized to appear in court in compliance with section 84-4.1 purport to represent litigating parties, the attorneys are not considered to be participating attorneys. *State v. Daughtry*, 8 N.C. App. 318, 174 S.E.2d 76 (1970). However, we have also held that where there is non-compliance with the statutory requirement of section 84-4.1, some showing of prejudice must be made to reverse on this issue because the *pro hac vice* statute was not designed to protect a party from his own attorney. *See Pope v. Jacobs*, 51 N.C. App. 374, 276 S.E.2d 487, (1981); *State v. Scarboro*, 38 N.C. App. 105, 247 S.E.2d 273, (1978), *review denied* 295 N.C. 652, 248 S.E.2d 256, *cert. denied*, 440 U.S. 938, 59 L. Ed. 2d 497 (1979). In *Scarboro*, we held the defendant could not complain where he did not express concern regarding the competency of his attorney during the proceedings. Moreover, we held section 84-4.1 "does not vest in [a defendant] rights to counsel other than what he would ordinarily possess in the absence of [section 84-4.1.]" *Scarboro*, 38 N.C. App. at 107-08, 247 S.E.2d at 274. The *Scarboro* Court concluded that "any error resulting from non-compliance with G.S. 84-4.1 on these facts is found to be harmless." Likewise, in the instant case, plaintiff has not noted any expression of concern during the proceedings. We therefore hold any error is not prejudicial and reject this assignment of error.

For the reasons discussed herein, we reverse in part as to the dismissal based on the statute of limitations and improper service and remand for trial. We affirm in part as to the *pro hac vice* motion.

REVERSED AND REMANDED IN PART, AFFIRMED IN PART.

Judges WYNN and McGEE concur.