ELMORE, Judge.
Respondent-mother appeals from the trial court's orders terminating her parental rights to the juveniles J.C., H.C., and M.S. Respondent contends the trial court lacked personal jurisdiction over her because she was not properly served by publication and that it abused its discretion by failing to inquire into whether she should be appointed a guardian ad litem due to her substance abuse. We affirm.
I. Background
Respondent is the mother to all three of the juveniles. J.C. and H.C. have the same father, L.C., but M.S. has a different father. On 13 April 2011, the Cherokee County Department of Social Services ("DSS") filed petitions alleging the juveniles were neglected. DSS had received reports of drug use in the home, domestic violence between L.C. and respondent, and poor living conditions for the juveniles. On 16 August 2011, the trial court entered a consent order in which it adjudicated the juveniles, as well as three of L.C .'s children with a deceased mother, neglected. The juveniles were originally permitted to return to parental custody, but on 22 November 2011, the trial court entered a consent disposition order in which it ordered the juveniles placed in foster care. On 6 June 2012, the trial court entered an order setting a permanent plan of reunification with the parents.
Respondent did not attend a 30 May 2013 permanency planning hearing, because she claimed she could not afford to miss work. In an order entered 30 July 2013, the trial court changed the permanent plan to guardianship with a relative or other approved caregiver, with a secondary plan of adoption. The trial court also ordered DSS to cease reunification efforts and authorized DSS to file termination petitions.
DSS filed petitions to terminate respondent's parental rights to the juveniles on 15 August 2013. The petitions alleged the same four grounds to terminate respondent's rights to each of the juveniles: (1) neglect; (2) failure to make reasonable progress; (3) failure to pay a reasonable portion of the cost of care; and (4) willful abandonment. N.C. Gen.Stat. § 7B-1111(a)(1)-(3), (7) (2013). The summonses issued to respondent on the same date listed a Hiawassee, Georgia address.
On 7 October 2013, DSS filed an affidavit of publication in the Cherokee Scout, a Cherokee County newspaper. The affidavit states that the service by publication occurred on 11, 18, and 25 September 2013. On 14 February 2014, respondent filed a motion to dismiss the petitions because DSS attempted to serve her by publication in a North Carolina newspaper, when its own information showed she lived in Georgia. In a pre-trial order, the trial court determined it had jurisdiction over the parties, including respondent.
On 21 February 2014, however, DSS obtained new summonses for respondent, which list a Murphy, North Carolina address. Each summons indicates that it was not served on respondent because she had moved to Georgia. The original North Carolina address listed on each summons is crossed out, and next to it is handwritten a "Hiwassee," Georgia address. On 24 April 2014, DSS filed another affidavit of publication, which indicates that respondent was served by publication in the Towns County Herald, a newspaper located in Hiawassee, Georgia, on 2, 9, 16, and 24 April 2014.
The termination hearing took place on 28 May 2014. Respondent was not present at the hearing. Respondent's attorney told the trial court that respondent was aware of the termination petitions and the hearing, but had failed to maintain contact with her in order to respond to the petitions. Counsel also advised the trial court that she did not have "any guidance" from respondent about her wishes about how to proceed, but that respondent previously told her that she did not wish to relinquish her parental rights. Respondent's attorney did not examine witnesses or present evidence, but did make an argument against a finding of grounds for termination at the adjudication phase of the termination hearing.
In adjudication orders entered 3 September 2014, the trial court found all four grounds alleged as to respondent for each of the juveniles. In separate disposition orders, the trial court also concluded it was in the juveniles' best interests to terminate respondent's parental rights. Respondent appeals.
II. Analysis
A. Service of Process
In her first argument on appeal, respondent contends the trial court lacked jurisdiction to enter the termination orders because DSS failed to follow the required procedure for service of process by publication, in that it failed to mail her notice of service by publication and failed to file an affidavit stating the reasons service by publication was necessary. We find no reversible error.
After the filing of a petition to terminate parental rights, the trial court shall issue a summons to the juvenile's parents. N.C. Gen.Stat. § 7B-1106(a)(1) (2013). "Service of the summons shall be completed as provided under the procedures established by G.S. 1A-1, Rule 4(j)." N.C. Gen.Stat. § 7B-1106(a) (2013). "However, when the whereabouts of a parent are unknown, service may be by publication in accordance with N.C. Gen.Stat. § 1A-1, Rule 4(j1)." In re C.A.C.,--- N.C.App. ----, ----, 731 S.E.2d 544, 545 (2012) (citing In re Joseph Children,122 N.C.App. 468, 471, 470 S.E.2d 539, 541 (1996) ).
As to service by publication, Rule 4(j1) requires:
A party that cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) may be served by publication.... If the party's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the part at or immediately prior to the first publication a copy of the notice of service of process by publication.... Upon completion of such service there shall be filed with the court an affidavit showing the publication and mailing in accordance with the requirements of G.S. 1-75.10(a)(2), the circumstances warranting the use of service by publication, and information, if any, regarding the location of the party served.
N.C. Gen.Stat. § 1A-1, Rule 4(j1) (2013). "Failure to file an affidavit showing the circumstances warranting the use of service by publication is reversible error." Cotton v. Jones,160 N.C.App. 701, 703, 586 S.E.2d 806, 808 (2003) (citation omitted).
Nevertheless:
Deficiencies regarding the manner in which a court obtains jurisdiction over a party, including those relating to a summons, are waivable and must be raised in a timely manner. N.C.G.S. § 1A-1, Rule 12(h)(1) (2007). Generally, such deficiencies [c]an be cured. Even without a summons, a court may properly obtain personal jurisdiction over a party who consents or makes a general appearance, for example, by filing an answer or appearing at a hearing without objecting to personal jurisdiction.
In reK.J.L., 363 N.C. 343, 345, 677 S.E.2d 835, 837 (2009) (citation omitted). In North Carolina, "[o]ther than a motion to dismiss for lack of jurisdiction[,] virtually any action constitutes a general appearance." Judkins v. Judkins,113 N.C.App. 734, 737, 441 S.E.2d 139, 140, disc. review denied,336 N.C. 781, 447 S.E.2d 424 (1994). The test for a general appearance is whether the party, through counsel's actions, "became an actor in the cause [.]" Williams v. Williams,46 N.C.App. 787, 789, 266 S.E.2d 25, 27 (1980) (emphasis in original) (citation omitted).
In this case, we hold that respondent's attorney made a general appearance at the termination hearing when she argued the evidence did not support a finding of the grounds for termination of respondent's parental rights. Although trial counsel averred that it was difficult to make an argument in respondent's absence, she did state that respondent did not want to relinquish her parental rights. Counsel then went on to argue that the evidence did not support a finding that respondent's actions were willful. In fact, counsel specifically argued respondent was unable to obtain transportation to visit the juveniles, that DSS had stopped visitation, and that there was no evidence that respondent had the financial means to provide support for the juveniles, all of which went to the merits of the grounds for termination. Accordingly, because respondent's attorney made a general appearance and argued the merits of the case on her behalf, we find that she waived any defect in service of process.[1]
B. Appointment of a Guardian Ad Litem
Respondent's remaining argument is that the trial court abused its discretion by failing to inquire into whether she should have been appointed a guardian ad litem. We disagree.
"On motion of any party or on the court's own motion, the court may appoint a guardian ad litem for a parent who is incompetent in accordance with G.S. 1A-1, Rule 17." N.C. Gen.Stat. § 7B-1101.1(c) (2013).[2] "A trial judge has a duty to properly inquire into the competency of a litigant in a civil trial or proceeding when circumstances are brought to the judge's attention, which raise a substantial question as to whether the litigant is non compos mentis." In re J.A.A. & S.A.A.,175 N.C.App. 66, 72, 623 S.E.2d 45, 49 (2005). "Whether to conduct such an inquiry is in the sound discretion of the trial judge." In re A.R .D.,204 N.C.App. 500, 504, 694 S.E.2d 508, 511 (citation omitted), aff'd per curiam,364 N.C. 596, 704 S.E.2d 510 (2010). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. Hennis,323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).
An incompetent adult "lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person, family, or property whether the lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition." N.C. Gen.Stat. § 35A-1101(7) (2013). However, a trial court is not required to appoint a guardian ad litem in every termination of parental rights case where a cognitive limitation is alleged. Rather, the trial court should appoint guardians in cases where parents "would be unable to aid in their defense at the termination of parental rights proceeding." In re J.A.A.,175 N.C.App. at 71, 623 S.E.2d at 48 (citations omitted). The question of whether a respondent lacks the capacity to manage her own affairs is distinct from whether the parent is able to provide appropriate care for a juvenile, and different standards apply to each determination. In re J.R.W.,--- N.C.App. ----, ----, 765 S.E.2d 116, 120 (2014), disc. review denied,2015 N.C. LEXIS 44 (2015).
Here, respondent has not established that the trial court abused its discretion by failing to inquire into whether she needed a guardian ad litem. First, we note that although respondent was not present at the termination hearing, she also elected to miss the permanency planning hearing due to a purported work conflict. Respondent's attorney also informed the trial court that respondent was aware of the termination petitions and the hearing. Respondent's decisions not to attend the hearings demonstrate that she was aware of the action but did not participate.
Respondent argues her history of substance abuse shows she was incapable of managing her own affairs because she failed to pay bills or maintain contact with her attorney. The type of substance abuse issues and irresponsible behavior identified by respondent, although serious enough to support termination of her parental rights, do not rise to the level of incapacity contemplated in the appointment of a guardian ad litem. In fact, the evidence at the hearing indicated that respondent initially enrolled in individual counseling, but withdrew because she did not believe she needed it. Moreover, the trial court's findings of fact demonstrate that it was well aware of respondent's history of substance abuse.
In short, the evidence and findings of fact indicate that respondent had a substance abuse problem and was resistant to treatment, but not that she was incapable of managing her own affairs. Accordingly, we hold the trial court did not abuse its discretion by failing to inquire, ex mero motu,into appointment of a guardian ad litem for respondent.
AFFIRMED.
Judges TYSON and INMAN concur.
Report per Rule 30(e).
Opinion
Appeal by respondent-mother from orders entered 3 September 2014 by Judge Roy Wijewickrama in Cherokee County District Court. Heard in the Court of Appeals 20 April 2015.

On 6 February 2015, the guardian ad litem filed a motion to amend the record on appeal, seeking to add a record listing respondent's Georgia address. Because our resolution of respondent's argument renders the motion moot, we dismiss the motion to amend the record as moot.

The statute was amended, effective 1 October 2013, to remove language referencing "diminished capacity." 2013 N.C. ALS 129.