## WOODARD v. MILLING COMPANY.

(Filed September 25, 1906).

*Appearance, General and Special—Agreement of Counsel—Practice.*

1. Where, prior to the return day, counsel for plaintiff and defendant agreed that the case should be heard before the justice on a certain date, such agreement does not amount to a general appearance for the defendant or waive any rights which could have been exercised had he appeared on the return day.

2. The test for determining the character of an appearance is the relief asked, the law looking to its substance rather than form; and where the record shows that the appearance was made for the purpose of dismissing the action, it is a special appearance.

3. Where defendant's motion to dismiss an action before the justice was overruled, his counsel could then proceed with the trial, and did not thereby abandon the right to have the justice's ruling reviewed by the Superior Court.

ACTION by Woodard & Woodard against Tri-State Milling Company, heard by *Judge E. B. Jones* at the April Term, 1906, of the Superior Court of EDGECOMBE, upon appeal from a justice of the peace.

The following are the findings of the Superior Court:

1. That summons was duly issued by the justice of the peace on 22 March, 1904, returnable on 25 March, 1904, and the same was returned on the return day thereof by the constable with the endorsement: "Defendant not to be found in the county."

2. There was no affidavit sufficient to order the publication of the service of the summons, nor was there any order directing the publication of the summons, nor is there any record showing there was a publication of the summons and warrant of attachment in the papers.

3. I find that the defendant's attorney by correspondence agreed with the plaintiff's attorney that the matter

should be continued from 23 April, 1904, and come up for hearing on 13 May, 1904, at Whitakers, N. C. (See Exhibit B.)

4. That at the beginning of the trial on 13 May, 1904, W. O. Howard, attorney for the defendant, moved to dismiss the action for irregularities in the proceedings, which motion was overruled and the cause proceeded with. (Exhibit A.)

5. There was no personal service, nor was there service by publication; but it was admitted that there was attempted service by publication returnable 23 April, 1904.

From the judgment dismissing the action the plaintiffs appealed.

*G. M. T. Fountain* for the plaintiffs.
*W. O. Howard* for the defendant.

BROWN, J. The counsel for plaintiffs admits the correctness of his Honor's ruling, unless, as he contends, the defendant's counsel entered a general appearance before the justice of the peace. Prior to the return day of 23 April, it appears that counsel for plaintiffs and defendant, both of whom reside in Tarboro, some little distance from the office of the justice of the peace, agreed that the case should be heard before the justice on 13 May instead of 23 April. This agreement was made, doubtless, for mutual convenience, and we see nothing in it to indicate that counsel for defendant intended to enter a general appearance or to waive any right which could have been exercised had he appeared on 23 April. In the language of *Mr. Justice Walker* in *Bullard v. Edwards,* 140 N. C., 647, "We would not give so strained and technical a construction to his application for a continuance as to exclude therefrom the idea that the plaintiff intended that the whole matter and not merely the trial upon the merits should be continued for hearing to a more

convenient time." Again: "We hold that he could do on 2 February precisely what he could have done on 26 January, and further, that he did not intend to waive any of his rights," p. 648. That case seems to be very much in point.

Agreements similar to the one made in this case are frequently made outside of Court between counsel for their mutual convenience, and it cannot be supposed that either intended thereby to waive any legal right his client possessed.

When the counsel for defendant appeared before the justice on 13 May he did not enter a general appearance. "The test for determining the character of an appearance is the relief asked, the law looking to its substance rather than form." *Scott v. Life Association,* 137 N. C., 518. Where the record shows that the appearance was made for the purpose of dismissing the action, it is a special appearance. *Scott v. Life Association, supra.* The character of the appearance is to be determined by what the attorney actually did when he appeared in Court, at the call of the case. 3 Cyc., pp. 502, 509. The first act of the attorney before he entered any appearance was to move to dismiss the action for irregularities in the proceedings. This conduct showed no purpose to enter a general appearance, but was in fact a special appearance itself for a special purpose. The motion being overruled, the attorney was warranted then in proceeding with the trial, and did not thereby abandon the right to have the justice's ruling reviewed by the Superior Court.

Affirmed.