This is a motion to set aside a judgment rendered at November Term, 1912. The judge found the following facts:
"Summons was issued 4 July, 1910, and personally served by the deputy sheriff on that date, and returned to the August Term, 1910, of the Superior Court of Duplin County. At the August Term, 1910, an order was duly entered before his Honor, Frank Carter, judge presiding, in open court, making additional parties plaintiffs and allowing the plaintiffs thirty days to file complaint, and no order other than that was made as to pleading, and on 14 September, 1912, the plaintiffs filed a duly verified complaint. The August Term, 1912, of the said court adjourned on 7 September, 1912. The defendant, W. W. Peirce, *Page 342 
is a practicing attorney in the courts of this State. No appearance has even been entered on the docket of this Court, either by the defendant or by an attorney for him. The defendant attended November Term, 1912, of said court, and personally examined the order at the November Term, 1912, and the complaint which was filed by the plaintiff, the same being on file in the clerk's office. No motion was made before the court for time to answer and no time was granted by the court, or by counsel, and there is no rule of the Duplin bar allowing time to answer without application to the court; nor has the defendant ever filed answer in this cause, nor has he given the bond required by the statute or asked to be allowed to do so. The defendant left the court on Friday before final adjournment on Saturday, and on Saturday before the final adjournment the plaintiffs moved the court for judgment for want of an answer. A member of the bar present, not of counsel on either side, suggested that the defendant desired time to answer. The plaintiffs insisted upon their motion, and after hearing the same, his Honor, Carter, (426) judge, rendered the judgment set out in the record. The judgment at the November Term, 1912, does not appear to have been rendered against the defendant through such mistake, inadvertence, surprise, or excusable neglect as entitles him to relief, and it is so adjudged; nor does he show, in the opinion of the court, a meritorious defense to the action."
The court denied the motion, and defendant appealed.
It would be useless to discuss each of the eleven assignments of error, as the material questions are: 1. Was there excusable neglect on the part of the defendant? 2. Did he show a meritorious defense? This is an action to recover the possession of land. Defendant knew that, at August Term, 1912, an order had been made enlarging the time for filing pleadings. The August Term adjourned 7 September, 1912, and the verified complaint was filed 14 September, 1912. Whether the defendant actually knew before the November Term, 1912, that the time for filing pleadings had been extended, the order was made at a regular term, it was his duty to be there and take notice of it, and the law presumes that he had full knowledge of it.Spencer v. Credle, 102 N.C. 68; Zimmerman v. Zimmerman, 113 N.C. 432;Hemphill v. Moore, 104 N.C. 379; Clark's Code (3 Ed.), sec. 595, and the numerous cases in the notes. At any rate, the defendant knew at the November term what had been done, and should then have asked the court for further time to file his answer and defense bond. Instead of doing so, he left the court and took his chances. No reasonable explanation is given *Page 343 
for this apparent neglect of his own interest. Being himself an attorney, he cannot well plead ignorance of the law, and he must, therefore, have known that his time for pleading had expired. To say the least, defendant, in any view of his case, left his affairs in a very precarious state and with a seeming disregard of consequences. He has never yet tendered his defense bond, which must precede his right to answer. It is so distinctly provided by statute. Revisal, sec. 453; Jones v. (427)Best, 121 N.C. 154. That section requires him to file this bond "before he is permitted to answer, plead, or demur." That was his first duty at November term, as soon as he learned the cause of action, if he intended to defend the action, and this he failed to do. And he took no proper action, in any way, looking to the exercise of his right to defend, or to its revival, as it had then been lost by his delay. We have seen that he had notice of the order at August term, extending the time to plead, and this required him to make reasonable inquiry as to the filing of the complaint and to be on his guard. He had not even entered his appearance on the docket. The law does not allow a party to sleep on his rights. He must keep awake and be alert, exercising the case and watchfulness of an ordinarily prudent man in protecting his rights and saving his interests. We have held that the standard of care by which he must be judged is that which a man ordinarily prudent bestows upon his important business. Roberts v. Alman, 106 N.C. 391. We said in the recent case of McLeod v. Gooch, 162 N.C. 122, that "a party has no right to abandon all active prosecution of his case simply because he has retained counsel to represent him in the court." This applies with peculiar force to the defendant, now applying for relief, as he has assumed the dual position of attorney and client, and must, therefore, give both his personal and professional attention to his business on the docket.
We do not think that, in any view of the facts, the defendant has made out a case of excusable neglect. There was apparent inattention and indifference throughout the progress of the cause, without any adequate explanation. Even if the case was not on the trial or motion docket, defendant should at least have moved for leave to file his answer, and if he had done this, the court, in the exercise of its discretion, may have granted his motion. The fact that this case was not on the trial or motion docket did not prevent the court from giving judgment, though it might have excused defendant's absence if he had been otherwise diligent and active. He took the chance of leaving his case to take care of itself, with no one duly authorized to represent him and look (428) after his interests, and he must abide the result. We cannot take away the advantage his adversary has gained — and legitimately so — by due attention to the case. Vigilance is often a part of the price we must pay for what we get and what we keep after it is acquired. He who neglects *Page 344 
his interests is apt to lose them, which is the plight of defendant now. It early grew into one of the cardinal maxims of the law, that it will assist those who are diligent and not those who sleep on their rights, and the law will not take from him who has been thus diligent, what he has secured thereby, and turn it over to him who has lost by his inaction. Broom's Legal Maxims (6 Am. Ed.), star page 857. Heath, J., once remarked that "this is one of the maxims which we learn on our earliest attendance in Westminster Hall." (Cox v. Morgan, 2 B. P., 412), and it is the one underlying the law of limitations or statutes of repose. So much importance does the law attach to diligence in protecting our interests, that it has another maxim equally fundamental and closely related to the one just mentioned: Qui prior est tempore, potior est jure, that is, he has the better right who was first in point of time. Broom, 345.
Having reached the conclusion that there is no excusable neglect, it is unnecessary that we should discuss or decide whether defendant has shown a meritorious defense. If he has, as his neglect was inexcusable, the motion should still be denied. He must not only show such a defense, but excusable neglect as well. We have, though, carefully considered the other branch of the case, and are of the opinion that he has shown no legal merits — nothing that would defeat plaintiff's recovery. At least, he has not made it clear to us, and the burden of doing so is upon him.
He complains that the judge should have found additional facts; but there was no request that he should do so, and such a request must appear. McLeod v. Gooch, supra; Albertson v. Terry, 108 N.C. 75;Hardware Co. v. Buhmann, 159 N.C. 511. This is the well settled practice.
(429) His next position is that he was a nonresident, attending court as a witness, when the summons was served upon him. But this goes to the jurisdiction of the person and the defective service of process. In order to avail himself of it, he should have appeared specially. In a case precisely like this one, the Court held that such a service was not void, but voidable, and advantage, therefore, could be taken of it only by a special appearance. Cooper v. Wyman,122 N.C. 784. The Court there said: "Service in such cases is not void, but voidable; hence, the party, before appearing in the action, should by special appearance move to set aside the return of service (Thornton v. Machine Co., 83 Ga. 288), and if the motion is denied, should request the judge to find the facts and enter them on the record, together with the exception to the ruling, so that it may come up for review on the appeal from final judgment. Guilford Co. v. GeorgiaCo., 109 N.C. 310." A motion to set aside a judgment upon the ground *Page 345 
of excusable neglect is one addressed to the merits and equivalent to a general appearance, and, therefore, a waiver of any defective service of process. Scott v. Life Association, 137 N.C. 515. This case has been frequently approved. Quoting from it in Woodard v. Milling Co.,142 N.C. 102, Justice Connor says: "The test for determining the character of the appearance is the relief asked, the law looking to its substance rather than its form." A further reference to Scott v. LifeAssociation, and what it decided, may serve to bring this important distinction between a general and special appearance, and the office of each, more clearly before us. We there said: "If the appearance is in effect general, the fact that the party styles it a special appearance will not change its real character. 3 Cyc., 502, 503. The question always, is, what a party has done, and not what he intended to do. If the relief prayed affects the merits or the motion involves the merits, and a motion to vacate a judgment is such a motion, then the appearance is in law a general one. Ibid., 508, 509. The court will not hear a party upon a special appearance except for the purpose of moving to dismiss an action or to vacate a judgment for want of jurisdiction, and the authorities seem to hold that such a motion cannot be coupled with another based upon grounds which relate to the merits. An appearance for any other purpose than to question the (430) jurisdiction of the court is general. 2 Enc. of Pl. and Pr., 632. The effort of the company evidently was to try the matter and obtain a judgment on the merits while standing just outside the threshold of the court. This it could not do. A party cannot be permitted to occupy so ambiguous a position. . . . If a defendant invokes the judgment of the court in any manner upon any question, except that of the power of the court to hear and decide the controversy, his appearance is general. . . . If he appeals to the merits, no statements that he does not will avail him, and if he makes a defense which can only be sustained by an exercise of jurisdiction, the appearance is general, whether it is in terms limited to a special purpose or not," citing numerous cases. It all comes to this, that he cannot take the inconsistent position of denying the authority of the court to take cognizance of the cause by reason of some defect in the process, and at the same time seek judgment in his favor upon the merits. Affirming this principle as laid down in Scott v.Life Association are the following cases: Allen-Fleming Co. v. R. R.,145 N.C. 37; Warlick v. Reynolds, 151 N.C. 606; Grant v. Grant,159 N.C. 528. In Currie v. Mining Co., supra, Justice Allen concludes the opinion as follows: "The defendants, Allen and Golconda Company, in their application to have the judgment set aside, asked to be allowed to answer, and this is equivalent to a general appearance by both," citing Scott v. Life Association. That is our case. *Page 346 
The other exceptions are without any merit. The defendant should first have appeared specially, if he questioned the jurisdiction of the court over him, and if this motion to dismiss was denied, he should have excepted and then proceeded (without appeal) to his motion to set aside the judgment, and appealed from the final order. The procedure is stated inCooper v. Wyman, supra. We find no error in the record.
Affirmed.
Cited: Pierce v. Eller, 167 N.C. 675; Hyatt v. Clark, 169 N.C. 179;Wooten v. Cunningham, 171 N.C. 126; Comrs. v. Scales, ib., 526; LumberCo. v. Cottingham, 173 N.C. 329.
(431)