G. T. TAYLOR AND T. W. MOORE v. J. W. BOONE ET AL.

(Filed 27 September, 1916.)

1. Injunction—Service—Affidavit—Statutes.

Our statute requires that "a copy of the affidavit be served with the injunction," which must be done unless the judge allows such service to be made thereafter (Revisal, sec. 810), or the injunction will be dissolved.

2. Same—Agreement to Continue—Waiver.

The requirements of the statute, Revisal, sec. 810, are not waived by an agreement made between the parties out of court, on the return day of a temporary restraining order, that the hearing may be had at a later day; and when such have not been observed by the plaintiff, the defendant may enter a special appearance and successfully move to dissolve the restraining order on the ground that it has not been served according to law.

APPEAL by plaintiff from order of *Stacy, J.,* dissolving a restraining order, 24 April, 1916, from HERTFORD.

This is an action to recover damages for trespass on land, and during the pendency of the action the plaintiff applied for and obtained a temporary order restraining the defendants from further trespassing upon the said lands.

No copy of the affidavit or complaint was served with the restraining order.

On the return day of the order, and after the time set for the hearing, counsel for plaintiff and defendant agreed that the hearing might be had at a later day, and at the time agreed on both parties were represented and counsel for the defendants entered a special appearance and moved to dissolve the restraining order upon the ground that it had not been served according to law.

The motion was granted, and the plaintiffs excepted and appealed.

*Roswell C. Bridger for plaintiffs.*
*John E. Vann and Cowper & Boone for defendant.*

ALLEN, J. The statute (Rev., sec. 810) requires that "a copy of the affidavit must be served with the injunction," and this must be done unless the judge allows service of the affidavit to be made thereafter.

Plaintiffs, however, contend that this requirement of the statute has been waived by the agreement between counsel, made out of court, that the hearing should be had at another time. This position is met and decided against the plaintiffs in *Woodard v. Milling Co.*, 142 N. C., 100. In that case the defendant moved to dismiss the action for irregularities in the proceeding, and the plaintiff replied that irregularities had been waived by an agreement between the attorneys of the plaintiff and defendant, that "the matters should be continued from 23 April, 1914, and come up for hearing on 13 May, 1914," and the Superior Court found that this agreement was made. This Court said: "This agreement was made, doubtless, for mutual convenience, and we see nothing in it to indicate that counsel for defendant intended to enter a general appearance or to waive any right which could have been exercised had he appeared on 23 April," and held that there was no waiver.

We must, therefore, affirm the ruling of his Honor.

Affirmed.