630 S.E.2d 33 (2006)
In the Matter of A.J.M.
No. COA05-504.
Court of Appeals of North Carolina.
June 6, 2006.
Mercedes O. Chut, Greensboro, for respondent-appellant mother.
No brief filed for appellee Halifax County Department of Social Services.
*34 CALABRIA, Judge.
Ms. M. ("respondent mother"), the mother of now four-year-old A.J.M. ("the minor child"), as well as two additional children, appeals an order adjudicating the minor child neglected. We affirm.
In June of 2003, the Halifax County Department of Social Services ("DSS") received a call indicating respondent mother inappropriately disciplined the minor child with a belt as punishment for hitting a playmate over the head with a water gun. Respondent mother admitted she disciplined her minor children by using a belt whenever they failed to respond to verbal admonishment. During the DSS investigation, respondent mother's three children were cared for by her mother. Although respondent mother's two sons were later returned to her care, the minor child remained with her paternal aunt since respondent mother allegedly struck the minor child with a belt. Subsequently, DSS developed a case plan for reunification between the minor child and respondent mother if respondent mother completed both parenting classes and a mental health evaluation. Respondent mother agreed to allow the three children to live with their relatives, assist the relatives with the minor child's financial needs, and cooperate with supervised visitation.
Approximately one year later on 11 June 2004, DSS filed a juvenile petition alleging the minor child was neglected and dependent. Alvin S. Mills, the minor child's father, consented to dependency since his incarceration prevented him from providing proper care and supervision. The only issue for hearing was the issue regarding neglect.
At the hearing on 22 July 2004 to determine whether the minor child was neglected, the court's pertinent findings of fact included respondent mother's discipline procedures and progress. In June of 2003, respondent mother disciplined the minor child, who was about to turn two years old, by "striking her repeatedly with a belt on the buttocks and thighs" and "denied that this was inappropriate discipline." In August of 2003, respondent mother completed parenting classes, but not her mental health evaluation. Further, the minor child was staying with her paternal aunt "because she had been physically harmed by [respondent] mother," and by late September 2003, respondent mother had not consistently visited the minor child or helped with the minor child's financial support.
Between 18 February and 11 June 2004, respondent mother attended only five of ten therapy sessions. In February of 2004, the minor child's paternal aunt moved to Emporia, Virginia. Despite a support group including: the aunt, a relative, and a social worker assisting with transporting either the minor child or respondent mother to and from Virginia to facilitate visitation and therapy appointments, respondent mother was not always home at the appointed times and she continued missing both therapy sessions and visitation with the minor child. Based upon clear, cogent, and convincing evidence, the court concluded as a matter of law the minor child was neglected pursuant to N.C. Gen.Stat. § 7B-101(15). That same day, the court entered an order placing the minor child in the legal custody of her paternal aunt who the court named "Guardian of the person." Respondent mother appeals.

I. FINDINGS OF FACT:
Respondent mother first argues the trial court erred in making its findings of fact. Respondent mother contends certain findings *35 are not supported by clear, cogent, and convincing evidence. We disagree.
"In a ... neglect adjudication, the trial court's findings of fact supported by clear and convincing competent evidence are deemed conclusive, even where some evidence supports contrary findings." In re Helms, 127 N.C.App. 505, 511, 491 S.E.2d 672, 676 (1997). Further, "[if] respondent [mother] did not except to [certain] ... findings, they are presumed to be correct and supported by evidence." In re Moore, 306 N.C. 394, 404, 293 S.E.2d 127, 133 (1982).

A. Finding of Fact Three:

In the instant case, respondent mother assigns error to portions of the findings of fact supporting the conclusion she neglected the minor child. First, she assigns error to the portion of finding of fact number three stating, "[d]uring her testimony in this matter, [respondent mother] admitted striking the [minor] child but denies that this was inappropriate discipline for a 2-year-old child since she only struck her `4 or 5 licks.'" Respondent mother contends she never denied that striking the child with a belt was inappropriate discipline. Despite the fact respondent mother never expressly denied that striking the minor child with a belt was inappropriate, her overall testimony supports such a finding. At the 22 July 2004 hearing, respondent mother indicated her use of the same disciplinary method for all three of the children. She testified
the way I discipline all three, not only [the minor child], all three of my children is I talk to them. You know, if they've done something wrong I tell them that it's wrong for them to do. And I may tell them once or twice before then. But then on this occasion, I spoke to [the minor child] twice about running away from her cousin[.] I talked to her and explained to her that that was wrong. She was playing with the little girl and she hit a little girl over the head with a water gun. And so her mother then came to me and told me what my daughter had did. And I simply popped her with the belt.
Respondent mother further testified that, "other times, I have disciplined my children with belts." Based upon respondent mother's testimony, she considers spanking with a belt after verbal admonishment to be appropriate discipline for all three of her children. Thus, based on respondent mother's own testimony, clear and convincing competent evidence supported the trial court's finding that she denied striking the minor child with a belt was inappropriate discipline.

B. Finding of Fact Four and Five:

Respondent mother next assigns error to the portions of finding of fact number four stating the minor child "had been physically harmed by her mother," respondent mother "had not had a mental health evaluation," and she "had not been consistently helping with [the minor child's] financial support and had not been visiting her regularly." Respondent mother's testimony that striking the minor child with a belt amounted to appropriate discipline combined with her not assigning error, see Moore, supra, to the finding that she "repeatedly [struck the minor child] with a belt on the buttocks and thighs" supports the trial court's finding she physically harmed the minor child.
Though respondent mother is correct in asserting no testimonial evidence supports the finding she had yet to complete a mental health evaluation by the end of September 2003, ultimately in finding of fact number five she fails to assign error to the finding relevant to her mental health that "she only attended [five] of the [ten] therapy sessions... scheduled between February 18 and June 11, 2004." Moreover, she assigns as error in finding of fact number five only that there was no evidence she missed two mental health appointments dated 3 October 2003 and 18 December 2003. Thus, because she does not object to the substantive finding of the trial court that she failed to attend half of her assigned mental health therapy sessions, that finding is supported by convincing and competent evidence and moreover, ameliorates any concern pertaining to the two dates she allegedly missed mental health appointments. Admittedly, there is not testimonial evidence respondent mother failed to provide consistent financial support to the minor child. However, when compared to the over-whelming, *36 substantive evidence supporting findings of fact four and five, that respondent mother physically harmed the minor child and failed to consistently attend assigned mental health sessions, and finding of fact six, that respondent mother failed to regularly visit the minor child, we believe such substantive evidence supports the trial court's conclusion the minor child was neglected.

C. Finding of Fact Six:

Respondent mother next assigns error to finding of fact number six which states
[i]n mid or late February of 2004, [the minor child's paternal aunt] moved to Emporia, Virginia to be closer to her job, and [respondent mother] agreed for the [minor child] to continue living with [the paternal aunt.] Various people, including [the paternal aunt], another relative, the social worker and the CVS worker providing services to [respondent mother's] two boys, all agreed to take turns transporting this juvenile or her mother to and from Virginia to make visitation and therapy available. However, in spite of this assistance, [respondent mother] was sometimes not at home at the appointed times, and continued to miss therapy sessions and visitation with [the minor child].
Sholanda James ("Ms. James"), the social worker assigned to the instant case, testified that respondent mother was routinely offered this type of assistance. "It was arranged that [respondent mother] would have her visits with [the minor child] on Wednesdays." Ms. James continued "[w]e had the rotation that Ms. Clements[, the social worker,] would transport on certain weeks and the cousin, the relatives would transport." Despite this effort, Ms. James noted "there was times [respondent mother] didn't answer the door," specifically referencing 26 May 2004 where "I actually transported [the minor child] from Emporia [ ][a]nd [respondent mother] did not answer the door."
Accordingly, convincing and competent evidence supports finding of fact number six. Thus, because clear and convincing, competent evidence supports the trial court's findings of fact, this assignment of error is overruled.

II. CONCLUSIONS OF LAW:
Respondent next argues the trial court erred in concluding the minor child was neglected. Respondent mother contends that conclusion is not supported by findings of fact or the evidence. We disagree.
North Carolina General Statutes § 7B-101(15) (2005) defines a neglected juvenile as "[a] juvenile who does not receive proper care, supervision or discipline from the juvenile's parent[.]" "`[T]his Court has consistently required that there be some physical, mental, or emotional impairment of the juvenile or a substantial risk of such impairment as a consequence of the failure to provide proper care, supervision, or discipline.'" In re E.C., ___ N.C.App. ___, ___, 621 S.E.2d 647, 653 (2005) (quoting In re Safriet, 112 N.C.App. 747, 752, 436 S.E.2d 898, 901-02 (1993)). "Our review of a trial court's conclusions of law is limited to whether they are supported by the findings of fact." Helms, 127 N.C.App. at 511, 491 S.E.2d at 676.
In the instant case, the trial court's findings support the conclusion respondent mother neglected the minor child. First, respondent mother struck her then one-year-old child with a belt, raising the distinct potential of physical, mental, or emotional harm. Further, respondent mother testified she previously used the belt as a means of discipline for all three of her children, including the minor child. Second, a mental health evaluation and completion of accompanying therapy was required. However, she failed to fully comply, missing five of ten therapy sessions scheduled between 18 February and 11 June 2004. Finally, despite attempts of the minor child's paternal aunt, who had moved to Virginia in February of 2004, and others, respondent mother was not at home at the appointed times and consequently missed visits with the minor child and several therapy sessions. Therefore, because the court's findings support its conclusion that respondent mother neglected the minor child, this assignment of error is overruled.

*37 III. SERVICE OF PROCESS AND PERSONAL JURISDICTION:

Respondent mother argues the trial court erred by failing to obtain personal jurisdiction over her since she was not served the juvenile summons in compliance with Rule 4 of the North Carolina Rules of Civil Procedure. We disagree.
North Carolina General Statutes § 7B-406(a) (2005) states "[i]mmediately after a petition has been filed alleging that a juvenile is abused, neglected, or dependent, the clerk shall issue a summons to the parent ... requiring them to appear for a hearing at the time and place stated in the summons." This Court previously held "`process must be issued and served in the manner prescribed by statute, and failure to do so makes the service invalid even though a defendant had actual notice of the lawsuit.'" In re Mitchell, 126 N.C.App. 432, 434, 485 S.E.2d 623, 624 (1997) (quoting Roshelli v. Sperry, 57 N.C.App. 305, 307, 291 S.E.2d 355, 356 (1982)). Nevertheless, a defendant who makes a general appearance without objection waives the issue of insufficiency of service of process and submits to the personal jurisdiction of the court. See N.C. Gen.Stat. § 1-75.7 (2005) (stating "[a] court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person: (1) Who makes a general appearance in an action[.]") (emphasis added).
In the instant case, the juvenile petition was filed 11 June 2004 and the summons was issued four days later. The summons was returned by the sheriff on 30 June 2004 unserved. On 8 July 2004, respondent mother attended the hearing regarding the allegations the minor child was neglected and dependent. Respondent mother was not only present in court, but also agreed to continue the matter until 22 July 2004. There is no evidence in the record respondent mother raised any objection at this hearing regarding insufficient service of process or personal jurisdiction. Moreover, respondent mother, who acknowledged she had "actual notice" of the proceedings, fails to argue in her brief that she made any such necessary objections. This Court has held that this amounts to waiver. "`[A]ny act which constitutes a general appearance obviates the necessity of service of summons and waives the right to challenge the court's exercise of personal jurisdiction over the party making the general appearance.'" In re A.B.D., 173 N.C.App. 77, 83, 617 S.E.2d 707, 712 (2005) (quoting Lynch v. Lynch, 302 N.C. 189, 197, 274 S.E.2d 212, 219 (1981)). This assignment of error is overruled.
Affirmed.
Judges McGEE and GEER concur.