IN RE C.A.C.

[222 N.C. App. 687 (2012)]

IN THE MATTER OF C.A.C.

No. COA12-305

(Filed 4 September 2012)

**Termination of Parental Rights—notice—service by publication—statutorily insufficient**

The trial court erred by terminating respondent father's parental rights to his minor child where petitioner's service by publication failed to comply with N.C.G.S. § 7B-1106(b)(4). The advertisement inserted into the newspaper completely omitted any reference to respondent father's right to counsel.

Appeal by respondent-father from order entered 8 December 2011 by Judge Angela Hoyle in Gaston County District Court. Heard in the Court of Appeals 20 August 2012.

*Timothy T. Leach for petitioner-appellee mother.*

*Michael E. Casterline for respondent-appellant father.*

HUNTER, JR., Robert N., Judge.

Respondent-father appeals from an order terminating his parental rights to C.A.C., the minor child. Because petitioner, the mother of the juvenile, failed to give the statutorily required notice, we vacate the trial court's order.

On 18 January 2011, petitioner filed a petition to terminate respondent-father's parental rights. Petitioner stated that she and respondent-father had been married in 2006 and divorced in 2008. Petitioner was granted custody of the juvenile by order entered 15 February 2008. Petitioner alleged that respondent-father had no relationship with the juvenile and had not seen the child in two years.

Initially, petitioner attempted to serve the summons on respondent-father at Neuse Correctional Institution, but the summons was returned unserved. Eventually, because respondent-father's whereabouts were unknown, petitioner sought permission to serve respondent-father by publication. On 24 August 2011, the trial court entered an order permitting petitioner to serve respondent-father via publication in a newspaper circulating in Gaston County. On 10 October 2011, petitioner filed an affidavit stating that respondent-father had been served by publication by way of an advertisement inserted into The Gaston Gazette.

IN RE C.A.C.

[222 N.C. App. 687 (2012)]

A hearing was held on the petition to terminate respondent-father's parental rights on 16 November 2011. Respondent-father did not appear at the hearing and was represented by appointed provisional counsel. The trial court determined that grounds existed to terminate respondent-father's parental rights and that it was in the best interests of the juvenile that respondent-father's parental rights be terminated. Respondent-father appeals.

Respondent-father first argues that the trial court lacked personal jurisdiction because petitioner failed to give proper notice. We agree.

Upon the filing of a petition to terminate parental rights, N.C. Gen. Stat. § 7B-1106(a)(1) (2011) requires that a summons regarding the proceeding be issued to the parents of the juvenile. Issuance of the summons is necessary to obtain personal jurisdiction over the parents. *See In Re K.J.L.*, 363 N.C. 343, 348, 677 S.E.2d 835, 838 (2009) ("[S]ummons-related defects implicate personal jurisdiction."). "Service of the summons shall be completed as provided under the procedures established by G.S. 1A-1, Rule 4(j)." N.C. Gen. Stat. § 7B-1106(a) (2011). However, when the whereabouts of a parent are unknown, service may be by publication in accordance with N.C. Gen. Stat. § 1A-1, Rule 4(j1). *In Re Joseph Children*, 122 N.C. App. 468, 471, 470 S.E.2d 539, 541 (1996).

When serving a party by publication, a petitioner must also comply with the notice requirements set forth in N.C. Gen. Stat. § 7B-1106(b) (2011). *Id.* (citing former N.C. Gen. Stat. § 7A-289.27 and *In re Clark*, 76 N.C. App. 83, 86, 332 S.E.2d 196, 199, *appeal dismissed*, 314 N.C. 665, 335 S.E.2d 322 (1985)). Here, petitioner's service by publication failed to comply with N.C. Gen. Stat. § 7B-1106(b)(4) (2011). N.C. Gen. Stat. § 7B-1106(b)(4) provides that the summons must include "[n]otice that if the parent is indigent and is not already represented by appointed counsel, the parent is entitled to appointed counsel, that provisional counsel has been appointed, and that the appointment of provisional counsel shall be reviewed by the court at the first hearing after service[.]" The advertisement inserted into The Gaston Gazette completely omitted any reference to respondent-father's right to counsel.

We note that, even with a defective summons, a court "may properly obtain personal jurisdiction over a party who consents or makes a general appearance[.]" *K.J.L.*, 363 N.C. at 346, 677 S.E.2d at 837. In this case, however, respondent-father made no appearance. While respondent-father was represented by counsel, said counsel was

only provisionally appointed and should have been dismissed when respondent-father failed to appear. *See* N.C. Gen. Stat. § 7B-1101.1(a)(1) (2011) ("At the first hearing after service upon the respondent parent, the court shall dismiss the provisional counsel if the respondent parent: (1) Does not appear at the hearing[.]"). Although the trial court failed to dismiss counsel prior to the termination hearing, the presence of provisionally appointed counsel was insufficient to constitute a general appearance and waive the defects in process. To conclude otherwise would defeat the purpose of notice and service requirements. Accordingly, because petitioner failed to give the statutorily required notice, the trial court's order is vacated. *See In re Alexander*, 158 N.C. App. 522, 526, 581 S.E.2d 466, 469 (2003) ("[W]here a movant fails to give the required notice, prejudicial error exists, and a new hearing is required.").

Vacated.

Judges BRYANT and BEASLEY concur.