IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-585

Filed 21 March 2023

Mecklenburg County, No. 21-JT-45

IN THE MATTER OF: C.T.T.

Appeal by Respondent-Mother from Orders entered 19 October 2021 by Judge Roy H. Wiggins in Mecklenburg County District Court. Heard in the Court of Appeals on 21 February 2023.

> *Miller Bowles Cushing, PLLC, by Bethany Mulhern and Nicholas L. Cushing for Petitioner-Appellee Father.*
>
> *Deputy Parent Defender Annick Lenoir-Peek for Respondent-Appellant Mother (allowed as substitute counsel by order filed 1 March 2023 and notice of appearance filed 3 March 2023; Record on Appeal, Appellant's Brief, and Reply Brief filed by Stam Law Firm, PLLC, by R. Daniel Gibson, allowed to withdraw as attorney of record by order filed 1 March 2023).*

RIGGS, Judge.

Appellant-Mother appeals from the trial court's Order Terminating Parental Rights and Order Denying Motion to Dismiss the Petition for Termination of Parental Rights to her minor child C.T.T. The trial court's Order entered on 19 October 2021, was adjudicated on grounds that she neglected and willfully abandoned C.T.T. for the last nine years. She contends the trial court erred in establishing personal jurisdiction over her due to insufficient service of process because: (1) the Original Summons did not list her provisional counsel by name; and (2) Notice of Service by Publication did not indicate her parental rights would be terminated if she did not file an answer within 30 days, among other things. She alleges both methods of

service are defective pursuant to North Carolina General Statute § 7B-1106(b)(4) (2021). She also alleges that the trial court did not make the requisite inquiry before releasing her provisional counsel. After careful review of the record, we hold that Appellant-Mother was personally served with a summons that complied with statutory requirements of notice that her parental rights were subject to termination, so the trial court's exercise of personal jurisdiction was proper; and the trial court conducted a proper inquiry into Mother's contact with her provisional counsel. Therefore, we affirm the trial court's orders for termination of parental rights.

## Factual and Procedural Background

Appellee-Father ("Father") and Appellant-Mother ("Mother") are the biological parents of C.T.T., born July 2010. Although the parties never married, C.T.T. resided in both his parents' care from birth until April 2012, due to Mother and Father cohabitating throughout several different states (Texas, Hawaii, Nevada). When C.T.T. was seven months old, Mother moved to Las Vegas with C.T.T., without Father's knowledge or consent. Mother informed Father she was going to visit her family in Las Vegas with C.T.T. and stopped all communication. As a result, Father moved from Hawaii to Nevada to be closer to C.T.T.

During the family's time in Las Vegas, Mother's lifestyle involved illicit drug use and unstable housing. She also displayed harmful and neglectful behavior towards C.T.T. On one occasion, Mother called Father to pick up C.T.T. because she needed him to provide childcare and gave Father the address of C.T.T.'s location.

When Father arrived at the location, it was a casino, and Mother was nowhere to be found. Mother left then seven-month-old C.T.T. in a car seat unsupervised in a parked car left with an unknown valet attendant. During the months of February, March, and April 2012, a significant amount of suspicious bruising was observed on C.T.T.'s face. When confronted, Mother stated C.T.T. received his facial injuries from falling. Consequently, Father notified Children's Protective Services in Nevada to report suspected abuse, and the report was later substantiated.

In April 2012, Father moved to Greensboro, North Carolina with C.T.T. At the time of their move, Mother's whereabouts were unknown. In September 2012, Mother arrived with C.T.T.'s maternal grandmother to Father's home in North Carolina to visit C.T.T. Mother stated she was going to visit with C.T.T. outside and then placed C.T.T. in a car and drove away with his grandmother. Mother then drove to Tyler, Texas with C.T.T. and rejected all telephone calls from Father. In response, Father immediately filed for Child Custody and a Motion for Ex Parte Emergency Child Custody. Father was later awarded permanent sole legal and sole physical custody of C.T.T. on 10 October 2012. As of September 2012, Mother has not seen C.T.T., has not provided any financial support, nor has she communicated with him.

On 11 February 2021, Father filed a petition to terminate Mother's parental rights to C.T.T. and a summons was issued the same day. On 15 February 2021, provisional counsel was appointed to Mother and therefore, appointed counsel's name

was not listed on the summons issued four days earlier.[1]  On 9 March 2021, Father personally served Mother via process server in Las Vegas, Nevada with the summons and petition.  On 9 April 2021, Mother's provisional counsel was served via U.S. postal mail.  At the first pretrial status conference on 27 April 2021, Mother's provisional counsel moved to have service dismissed due to the current summons form not being used.  Mother was not in attendance at this status conference.  The judge advised Father to file another summons and reattempt service, because the summons form had been updated.  On 7 July 2021, at the trial court's urging, Father moved for service by publication because Mother's previous home was vacant, her whereabouts were unknown, and personal service could not be effectuated.  On 9 July 2021, the trial court entered an Order Granting Leave To Serve By Publication in response to Father's request for notice by publication.  During the months of July and August 2021, Father ran the following publication in Las Vegas news advertisements:

> In Re: [. . .], a minor juvenile. To: PAISLEY LAIS SANSONE, Respondent. Take notice that a Petition for Termination of Parental Rights has been filed in the above action.  The nature of the relief being sought is as follows: Termination of Parental Rights.  You have 40 days to file a Reply, which is 40 days from the first publication of this notice.  Upon your failure to reply, the party seeking service against you will apply to the Court for the relief sought.

---

[1] Indeed, as the trial court correctly noted, provisional counsel is not typically appointed until after a petition is filed, so the name of provisional counsel could not be listed on the summons executed at the same time as a petition.

On 13 September 2021, Father filed the above Las Vegas publication along with an attached Affidavit of Publication. On 1 October 2021, Mother's provisional counsel filed a Motion to Dismiss in response to the publication notice failing to meet the statutory requirements of North Carolina General Statute § 7B-1106(b). Provisional counsel argued the petition should be dismissed for insufficiency of process. Specifically, counsel argued the following information was missing from the publication: C.T.T.'s first name [was missing]; notice that Mother's parental rights may be terminated if she did not file a written answer with the clerk within 30 days after service of the summons and petition [was missing]; and the appointed counsel [was missing].

On 1 October 2021, the motion was heard, and the trial court concluded the Original Summons was a legally compliant summons, although a newer version of the summons form existed. Moreover, the issue of notice by publication was moot, due to Mother being properly served the first time with the Original Summons. In response, Mother's provisional counsel argued her client was not properly served in accordance with the statutory requirements for notice, because provisional counsel was not listed on the summons. Father's trial counsel argued even if service was improper, Mother's provisional counsel had already made a general appearance in two status conferences in April and July 2021 and was in conversations with opposing counsel regarding settlement talks. Mother's provisional counsel also conceded that she had been in contact with her client, and her client was aware of the hearing

scheduled that day, although she was not present. Specifically, Mother told her provisional counsel, who recounted to the trial court, that she did not have the financial resources to travel from Las Vegas to North Carolina for the in-person hearing. After the trial court denied Mother's Motion for Dismissal, provisional counsel stated, "I'm provisional counsel . . . [a]s the Court has found that mother is properly served, that [sic] by statute, I'm out." As a result, Mother's provisional counsel was dismissed by the court. Thereafter, on 19 October 2021, the trial court entered an Order Terminating Mother's Parental Rights and an Order Denying her Motion to Dismiss the Termination of Parental Rights petition to C.T.T.

## Standard of Review

This Court reviews a trial court's orders for termination of parental rights to determine if the "findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." *In re Clark*, 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984). In termination of parental rights cases, a trial court's conclusions of law are reviewed *de novo*. *In re S.N.*, 194 N.C. App. 142, 146, 669 S.E.2d 55, 59 (2008).

## Analysis

### 1. Statute

Article 11 of Chapter 7B (Juvenile Code) of the North Carolina General Statutes governs termination of parental rights proceedings. N.C. Gen. Stat. §§ 7B-1100-1111 (2021). Section 7B-1104 sets forth two ways in which a party may

commence termination of parental rights proceedings: either by petition or by motion. N.C. Gen. Stat. § 7B-1104. First, section 7B-1102(a) permits state agencies such as the Department of Social Services ("DSS") to file a motion in district court for termination of parental rights in pending abuse, neglect, or dependency proceedings involving juveniles. Second, if no such pending action exists, then DSS or a parent or guardian seeking to terminate the parental rights of another parent may file a petition to terminate their rights. N.C. Gen. Stat. § 7B-1103. The petition or motion must be entitled "In Re (juvenile's last name), a minor juvenile." N.C. Gen. Stat. § 7B-1104. The petition or motion must also allege, "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights exist." N.C. Gen. Stat. § 7B-1104(6). Absent exceptions in preliminary proceedings for unknown parents, once a petition or motion is filed for termination of parental rights, the trial court "shall cause a summons to be issued." N.C. Gen. Stat. § 7B-1106(a). The summons must be provided to all parties named as respondents in the case, including the minor child, the child's parents, any appointed guardian or custodian appointed by the court, and DSS or child placing agency. *Id.*

When termination of parental rights is sought, the respondent parent may file a written answer to the claim within 30 days after service of the summons and petition. N.C. Gen. Stat. § 7B-1106(b)(2). Absent good cause, the trial court must hold an adjudicatory hearing within 90 days from the filing of the petition or motion seeking termination of parental rights. N.C. Gen. Stat. § 7B-1109(a), (d). The trial

court may terminate a respondent parent's parental rights if the findings establish (1) one or more grounds for termination exist, and (2) termination is in the best interests of the child. N.C. Gen. Stat. § 7B-1110.

## 2. Summons and Notice

In addition to service requirements, the statutory content of section 7B-1106 is required in the summons for termination of parental rights. N.C. Gen. Stat. § 7B-1106(a)-(b). When respondent parents receive notice by publication, the publication must also comply with the notice requirements under subsection 7B-1106(b)(4). *In re C.A.C.*, 222 N.C. App. 687, 688, 731 S.E.2d 544, 545 (2012). Subsection 7B-1106(b)(4), provides: "[N]otice that if the parent is indigent and is not already represented by appointed counsel, the parent is entitled to appointed counsel, that provisional counsel has been appointed and that the appointment of the provisional counsel will be reviewed by the court at the first hearing after service." If a respondent parent does not appear at the first hearing after service, the "court shall dismiss the provisional counsel." N.C. Gen. Stat. § 7B-1101.1(a)(1).

## 3. Personal Jurisdiction

A trial court's jurisdiction over a person is generally achieved through the issuance and service of a summons. *In re K.J.L.*, 363 N.C. 343, 346, 677 S.E.2d 835, 837 (2009). Subsection 7B-1106(a2), requires provisional counsel to receive notice through issuance of the summons and complaint when a petition alleges "a juvenile is abused, neglected, or dependent." N.C. Gen. Stat. § 7B-602 (2021). However, there

is no statutory requirement that the attorney's name must be listed on the summons form–the statutory requirement, outside of the content of the summons, is simply that provisional counsel be served with the petition and summons. N.C. Gen. Stat. § § 7B-1106(a2) and 7B-602 (collectively establish).

In this case, Mother was personally served on 9 March 2021 with the summons and petition. On 9 April 2021, provisional counsel was served via U.S. postal mail and attended the first pretrial status conference on 27 April 2021. The statutory requirements contained in subsection 7B-1106(b)(4) do not require that provisional counsel be listed by name. Rather, the statute requires that notice be provided: to appointed counsel; that the parent is entitled to appointed counsel; that provisional counsel has been appointed–and that review of the appointment of provisional counsel will occur at the first hearing after service. N.C. Gen. Stat. §§ 7B-1106(a2), (b)(4) and 7B-602. Between 9 March 2021 and 9 April 2021, before the first hearing, all of these requirements were satisfied. First, our review of the Original Summons, issued on 11 February 2021, confirms the trial court's conclusion that all statutorily required information was contained in that Summons. N.C. Gen. Stat. § 7B-1106(b)(4). Provisional counsel's name was not listed on the summons, but provisional counsel was served on 9 April 2021, which is all that the statute requires: the statute does not require provisional counsel's name be listed on the summons. N.C. Gen. Stat. § 7B-1106(a2). With the issuance of a legally compliant summons,

the court established personal jurisdiction over Mother when that summons, and petition was personally served upon her on 9 March 2021.

Furthermore, Mother was notified she was entitled to a lawyer to represent her in the termination of parental rights proceedings regarding C.T.T., and she was in communication with that appointed lawyer. Although notice by publication was defective, this issue is moot since the Original Summons was found to be, and we agree was, legally compliant.

As to the remaining issues raised in Mother's brief, because we found she was properly served with the Original Summons, we do not need to reach the second and third issues raised in her appeal. As it relates to the fourth issue, we agree that the trial court was required to make some inquiry into counsel's efforts to contact Mother before releasing her as provisional counsel. *In re D.E.G.*, 228 N.C. App. 381, 386–387, 747 S.E.2d 280, 284 (2013). Here, that was satisfied because the record demonstrates competent evidence of the following: Mother was personally served with the summons and petition, so she learned of the proceedings directly. Provisional counsel indicated to the trial court on 1 October 2021 that she was in communications with Mother about what was going on in the proceedings; was in settlement talks with opposing counsel; and was aware Mother would not be present at the last hearing due to financial constraints. Finally, the trial court explicitly inquired of provisional counsel at the adjudication hearing as to the status of communications with Mother, and provisional counsel answered. The purpose of the

appointment of provisional counsel is to ensure a respondent parent's rights are adequately protected for termination proceedings. *Id*. And at the adjudication hearing, the trial court must consider whether provisional counsel must be retained or released, should the respondent parent fail to appear. N.C. Gen. Stat. §§ 7B-1108.1(a)(1) and 7B-1101(a)(1). On this record, the trial court made the requisite inquiry into the communication and overtures effectuated, that determined counsel made adequate efforts to make the respondent parent aware of their rights in the termination proceedings, before releasing provisional counsel when a parent is not present.

## **Conclusion**

For the foregoing reasons, we affirm the 2021 Order Terminating Parental Rights and Order Denying Motion to Dismiss Petition for Termination of Parental Rights by the trial court.

AFFIRMED.

Judges ZACHARY and FLOOD concur.